Stout v. Folger.

The court erred in finding for plaintiff the value of the repairs made, and its judgment is

Reversed.

34 71
104 546

STOUT v. FOLGER. ;

1. **Action:** ASSUMPTION OF INDEBTEDNESS. When a purchaser of property agrees to assume, and to save the vendor harmless from certain outstanding indebtedness against him, it is not necessary, in order to give him a right of action against the purchaser on his contract, that he should himself have first paid the debt which the purchaser assumed and agreed to pay.

2. —— MEASURE OF DAMAGES. Nor will plaintiff's right of recovery in such action be limited to nominal damages, but he will be entitled to recover the full amount of the debt, the payment of which defendant assumed.

3. **Attachment:** AMENDMENT. Where it appears that, through inadvertence or omission, the affidavit to a writ of attachment was not signed, though actually sworn to, by the affiant, nor certified to by the officer before whom the affidavit was made, the defect may be cured by amendment.

*Appeal from Polk Circuit Court.*

THURSDAY, MARCH 28.

THE plaintiff alleges that on the 1st day of November, 1870, he and the defendant entered into a contract as follows, to wit: "I, E. S. Stout, do hereby sell to John M. Folger, all my right, etc., in the hotel known as the Des Moines House, for the consideration of one thousand dollars. In further consideration for said sale, he, the said John M. Folger, hereby agrees to assume in my place and stead, and to save me harmless from all indedtedness contracted by me, and outstanding against said Des Moines House." Plaintiff further alleges that there was outstand-

ing at said date, an indebtedness of said Des Moines House, to Patrick Gill & Co., of $484.60, which defendant, in virtue of said agreement, promised to pay. That Patrick Gill & Co. have commenced an action against plaintiff to recover said amount, and have procured an attachment to issue therein and to be served upon property of plaintiff sufficient to satisfy the same, and that defendant has not paid said claim nor saved plaintiff harmless from the payment thereof.

Plaintiff asks judgment for $484.60.

To this petition the defendant filed the following demurrer :

1. " The petition fails to allege payment or discharge by plaintiff of the claim of Patrick Gill & Co., sued on.".

2. " The petition shows a present subsisting indebtedness from defendant to Patrick Gill & Co., for the claim sued on."

The demurrer was overruled. Defendant appeals.

The petition alleged as a cause for attachment, " that the said John M. Folger is about to dispose of his property with intent to defraud his crditors."

The signature of Stout was not attached to the affidavit, nor was the signature of any officer attached to the verification. On the 3d day of January, 1871, defendant moved to quash the attachment of the plaintiff, because the petition is not sworn to as provided by law.

On the 4th day of January, 1871, plaintiff filed an amendment to his petition as follows :

" And now comes the plaintiff, and for amendment to his petition says, that at the time of filing his original petition herein, the said John M. Folger was about to dispose of his property with intent to defraud his creditors."

" E. S. Stout, plaintiff, being duly sworn, says : That the statements of the original petition herein, and this amendment thereto, are true as he verily believes.

                                        " E. S. Stout."

"Sworn to by the said E. S. Stout, before me, and signed by him in my presence, this 4th day of January, 1871.

"H. H. GRIFFITH, *Clerk*."

January 7th, 1871, P. P. Henderson filed his petition as intervenor, stating that since the levy of the attachment, sued out by plaintiff, he had obtained a judgment in the Warren district court against the defendant, Folger, for the sum of $386.22, which judgment from the date thereof became a lien upon the real estate levied upon under said writ, and asking that said attachment be dissolved on the ground that there was no affidavit to the petition therefor.

Subsequently the cause came on to be heard upon the record, and the following affidavit of E. S. Stout:

I, E. S. Stout, being sworn, say, that on the day of filing the petition herein, I received the same from the hands of my attorney after he had read it to me; that upon receiving it, he directed me to take it to the clerk of the court and swear to it, and to take my bondsmen with me to execute the necessary bond, to file the petition and bond, and pay the clerk his filing fees, and that he would then issue the writ of attachment; that I took said petition to the clerk, having understood that I was to swear to the same before him, fully intending to do so, and then did, as I believe, in fact, swear to the same; that it was late at night, and business men were difficult to find to sign the bond; that I had some trouble in getting the bond executed in time to get the writ out that night, and believe that the omission to sign the affidavit, and the omission of the clerk to sign the certificate to the affidavit resulted from the hurry to get the writ out. Affiant was advised and well knew that said petition had to be sworn to in order to obtain a writ of attachment, and took the petition to the clerk with the full purpose to swear to the same, having first satisfied himself that the statements thereof were true.

The court sustained the motion to quash the attachment, and from this ruling the plaintiff appeals.

*Barcroft, Gatch & Hammond* for the plaintiff.

*McHenry & Bowen* and *Louis Ruttkay* for the defendant.

*Harbert & Clark* for Henderson, intervenor.

I. DAY, J. — It is claimed by defendant that his contract is merely to save plaintiff from harm by reason of 1. ACTION: as- his indebtedness, and that, until plaintiff has sumption of indebtedness. paid the debt, he is not damnified, and cannot recover. We have examined the numerous authorities cited in defendant's brief, and while they are not altogether free from confusion, yet we think underlying them will be found the following doctrines: That if a condition or promise be only to indemnify and save harmless a party from some consequence, no action can be maintained until actual damage has been sustained by the plaintiff. But if the covenant or promise be to perform some act for the plaintiff's benefit, as well as to indemnify and save him harmless from the consequences of non-performance, the neglect to perform the act is a breach of contract, and will give an immediate right of action. See *Lathrop* v. *Atwood*, 21 Conn. 116.

The authorities agree that upon an undertaking *to pay* a debt due a third person, the plaintiff may maintain an action without showing that he has paid the debt. *Lathrop* v. *Atwood, supra; In re Negus,* 7 Wend. 499; *Port* v. *Jackson,* 17 Johns. 239; *Thomas* v. *Allen,* 1 Hill, 145; *Churchill* v. *Hunt,* 3 Denio, 321; *Wilson* v. *Stilwell,* 9 Ohio, 467; *Redfield* v. *Haight,* 27 Conn. 31. The petition alleges that at the time the agreement sued on was made, there was an outstanding indebtedness of the Des

Moines House to Patrick Gill & Co., and that since the making of said agreement the plaintiff has been sued thereon, and his property has been attached. The defendant's agreement contains two distinct stipulations: First, he agrees to assume, in plaintiff's place and stead, all indebtedness contracted by plaintiff, and outstanding against the Des Moines House; Second, he agrees to save the plaintiff harmless from all such indebtedness.

It is a canon of interpretation that a contract is to be so construed, if possible, as to give effect to all its terms. The construction of defendant ignores a part of the agreement, and gives effect only to the undertaking to save harmless.

At the time the agreement was made an indebtedness contracted by the plaintiff was outstanding against the Des Moines House. This debt the plaintiff was under legal obligation to pay. This obligation defendant agreed to assume. He undertook to substitute himself in the "place and stead of plaintiff." Hence the obligation to pay resting upon plaintiff, defendant agreed to assume. We do not see wherein his contract differs from an absolute undertaking to pay this debt. Hence his contract falls within the principle of the cases above cited, and plaintiff may maintain an action upon showing a failure to pay as agreed. It follows that the demurrer was properly overruled.

II. The question as to the amount of plaintiff's recovery has been incidentally argued, and as it may arise in the further progress of the case, we deem it 2. —— measure of damages. proper to dispose of it here. Two cases cited by appellant, *Israel* v. *Reynolds*, 11 Ill. 218, and *Dye* v. *Mann*, 10 Mich. 291, hold that the plaintiff can recover nominal damages only. These cases make the statement simply without any reasoning or citation of authorities. We believe the position to be opposed to the weight of authority and reason.

In *Lathrop* v. *Atwood*, *supra*, this precise question was

presented, and CHURCH, Ch. J., announcing the opinion of
the court, said: "Notwithstanding, all the defendants
insist that, although they have violated their engagement,
and have thus given to the plaintiff a right of action
against them, they are liable only for nominal damages,
because the plaintiff has neither paid any of these debts
before suit, nor been subjected to actual loss or damage
by reason of the defendants' neglect, and the defendants, or
Lathrop, one of them, remains still liable, and may be
subjected at the suit of the creditors to the payment of
the claims, and thus subjected twice. All this may be;
but by whose fault? Not the plaintiff's. The very
reason why the plaintiff required and the defendants
agreed to pay these debts, was to exonerate and relieve
the plaintiff from any preparation or pains-taking for the
payment of them. The defendants received and have put
into their pockets the means of paying, and, holding on
to these, they now say, we will neither pay to the plaintiff
nor to the creditors. A judgment for nominal damages
would give the sanction of law to this unjustifiable claim.
The cases we have referred to as sustaining this action, all,
impliedly at least, oppose this claim of the defendants, and
several of them very explicitly." Citing *Ex parte Negus*,
7 Wend. 499; *Crofut* v. *Moore*, 4 Verm. 204; *Atkinson's
Ex'rs* v. *Coolsworth*, 8 Mod. 33. The case of *Port* v. *Jack-
son, supra*, is to the same effect. See, also, *Ham* v. *Hill*,
29 Mo. 280. Following these authorities, our opinion is
that the plaintiff may recover the amount agreed to be
paid.

III. In sustaining the motion to quash the writ of
attachment, the court, in our opinion, erred. It may be
3. ATTACH-    conceded, as claimed by defendant, that the
MENT: amend-
ment.          affidavit is essential, and that a writ issued
without it is void. But here it is rendered reasonably cer-
tain that the petition was sworn to before the attachment
issued, and the failure of the plaintiff to sign the affidavit,

and of the officer to sign the certificate, resulted merely from oversight consequent upon the haste in which the act was done. Before the motion to quash was passed upon an amended petition was filed, which was properly sworn to, alleging that the causes of attachment existed at the time the writ was obtained.

The plaintiff, therefore, was in no way prejudiced, and as between him and the defendant the attachment should have been sustained.

How the intervenor is to be affected by these proceedings we need not now determine. It does not appear from the abstract that any ruling adverse to his rights has been made, nor that he has prosecuted any appeal. The fact that he has a lien upon the property would not entitle him to have the attachment dissolved.

The judgment of the court below is, upon the appeal of defendant, affirmed, and upon plaintiff's appeal

Reversed.