JAMES GAFFNEY *vs.* SAMUEL D. HICKS.

Middlesex. Jan. 9. — March 25, 1878. AMES & LORD, JJ., absent.

A. conveyed to B. by deed certain land, subject to two mortgages, then overdue, "both of which mortgages, and the notes secured thereby and interest thereon, the said grantee by the acceptance of this deed assumes and agrees to pay and save me and my legal representatives forever harmless therefrom, the same forming part of the consideration of this deed." Contemporaneously with the execution of this deed, B. agreed in writing, under seal, with A., to save A. harmless from certain notes, amounting to a certain sum, and to convey to A., at any time within one year, upon payment of that sum, by good and sufficient deeds, the land in question, free from all incumbrances, excepting the two mortgages named in the deed from A. to B. Subsequently, within the year, the land was sold under a power of sale contained in the second mortgage, for a sum less than the mortgage. *Held*, that A. could not maintain an action, brought within the year, against B., for the balance due on the second mortgage.

CONTRACT for breach of an agreement to pay a certain mortgage and mortgage note subsisting upon an estate conveyed by

the plaintiff to the defendant. Writ dated November 15, 1875. At the trial in the Superior Court, before *Brigham*, C. J., the following facts appeared :

On April 2, 1875, the plaintiff executed and delivered to the defendant a deed of certain land in Chelsea, containing the following clause : " Being the same premises conveyed to me by George W. Gerrish by deed dated January 2d, 1874, and recorded with Suffolk deeds, book 1201, page 300. The granted premises are hereby conveyed, subject to a mortgage given by said Gerrish to James M. Shaw, recorded with Suffolk deeds, book 1195, page 2, upon which there is now due of the principal the sum of fifteen hundred dollars, and also a mortgage given by me to Lucy C. Elliott, recorded as aforesaid, book 1228, page 65, upon which there is now due of the principal the sum of six hundred dollars, both of which mortgages and the notes secured thereby, and interest thereon, the said grantee by the acceptance of this deed assumes and agrees to pay, and save me and my legal representatives forever harmless therefrom, the same forming part of the consideration of this deed."

Contemporaneously with the execution and delivery of this deed, the defendant made an agreement in writing, under seal, with the plaintiff, to save the plaintiff harmless from certain promissory notes, amounting in all to $802. The instrument also contained the following clause : " And I, said S. D. Hicks, further covenant and agree with said Gaffney that at any time within one year from the date hereof, upon receipt of eight hundred and two dollars, I will convey to said Gaffney, his heirs or assigns, by a good and sufficient deed conveying an estate in fee simple, a certain lot of land with the buildings thereon, and all the privileges and appurtenances thereto belonging, situate in Chelsea, and described in a deed thereof from George W. Ger· rish to said Gaffney, dated January 2, 1874, recorded with Suffolk deeds, book 1201, page 300, free from all incumbrances, excepting two mortgages the principal sums of which amount to twenty-one hundred dollars, and are named in a deed of said premises from said Gaffney to said Hicks from date hereunto."

On September 14, 1875, the premises in question were sold under a power of sale contained in the mortgage deed to Lucy C. Elliott, and the net proceeds of the sale were $100. The

plaintiff never paid the notes mentioned in the defendant's agreement.

The defendant contended that, upon the facts, the plaintiff could not maintain his action, and that, if he could maintain it at all, he could not until the expiration of the term mentioned in the agreement; but the judge ruled that the plaintiff was entitled to recover the sum due to Lucy C. Elliott, less the net proceeds of the sale of the premises, and ordered judgment for the plaintiff for that sum. The defendant alleged exceptions.

*W. S. Slocum & W. F. Slocum*, for the defendant.

*W. S. Stearns*, for the plaintiff.

ENDICOTT, J. The deed of the land in Chelsea, given by the plaintiff to the defendant, and the agreement of the same date to reconvey, must of course be treated as parts of one transaction, the obvious purpose of which was to furnish the defendant with collateral security for the repayment of the $802 which he had agreed to pay on account of the plaintiff's notes.

The deed conveys the land absolutely to the defendant, subject to two mortgages, and contains this clause: "Both of which mortgages, and the notes secured thereby and interest thereon, the said grantee by the acceptance of this deed assumes and agrees to pay and save me and my legal representatives forever harmless therefrom, the same forming part of the consideration of this deed." The agreement to reconvey, after providing for the payment of notes of the plaintiff to the amount of $802, contains the further provision that the defendant will convey to the plaintiff at any time within one year upon payment of $802, by good and sufficient deed, the land in question, free from all incumbrances, excepting the two mortgages named in the deed from the plaintiff to the defendant.

The plaintiff therefore is entitled to a reconveyance within one year on payment of that sum, and the defendant is then required to reconvey, but subject to the two mortgages. The defendant was under no obligation to pay these mortgages, which were then overdue, except under the implied contract with the plaintiff to do so, arising out of the acceptance of the deed; but the language of the deed by which that duty is imposed upon him must be construed in connection with the terms of the agreement of reconveyance. While the plaintiff had the option of

demanding a reconveyance within a year, which could only be made subject to both mortgages, it is difficult to see how the plaintiff could maintain this action ; for recovery of the amount alleged to be due on the note secured by the second mortgage would enable the plaintiff to discharge that mortgage, and it is clear that the defendant was to be protected from any liability under that mortgage, by reconveying subject to it, when required. And it does not appear that the plaintiff ever demanded a reconveyance.   Whatever may be the extent of the obligations assumed by the defendant, if the plaintiff failed to exercise his option, and demand a reconveyance within a year, we are clearly of opinion, construing the two instruments together, that it was not in the contemplation of the parties that the defendant should hold the plaintiff harmless on this note, and pay him any sum he had paid or was liable to pay upon it within the time named in the agreement of reconveyance, and while the defendant held the property only as collateral security for the repayment of $802.

As this action was brought within that time, we are of opinion that the ruling requested by the defendant, that it could not be maintained until the expiration of the term mentioned in the agreement of reconveyance, should have been given.

The plaintiff having brought his action at law, his rights are to be determined upon the construction to be given to his contract, and he must be held strictly to its terms.   Upon the question whether the plaintiff's case falls within the rule laid down in *Furnas* v. *Durgin*, 119 Mass. 500, as he contends, as well as on many other questions argued at the bar, it is unnecessary, in this view of the case, to express any opinion.

*Exceptions sustained.*