## JASON A. RICE vs. SIDNEY SANDERS.

Franklin. September 18, 1889. — June 27, 1890.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Mortgage — Agreement to assume — " Pay " — Set-off.*

A grantee, who accepts a deed of land reciting his agreement to assume and pay two mortgages thereon made by the grantor, is bound to relieve not only the grantor from all personal liability for the debts, but also the land from the lien of the mortgages ; and if he permits the first mortgage to be foreclosed, the grantor is entitled to recover from him as damages the value of the security which he has lost, up to and not exceeding the amount of the debt secured by the second mortgage, although that mortgage is not yet due and he has not been required to pay anything on account thereof. FIELD, DEVENS, and W. ALLEN, JJ., dissenting.

Unliquidated damages for breach of an agreement to pay a mortgage upon real estate cannot be the subject of a set-off.

CONTRACT, for breach of an agreement to pay two mortgages subsisting upon an estate conveyed by the plaintiff to the defendant. The defendant filed a declaration in set-off, for breach of an agreement to pay a mortgage subsisting upon another estate mortgaged by the plaintiff to the defendant. Writ dated June 4, 1889. The case was submitted to the Superior Court, on agreed facts, in substance as follows.

On May 10, 1888, the plaintiff conveyed a parcel of land in Rowe to the defendant, by a deed, which was accepted by him, excepting from the covenant in the deed against incumbrances two mortgages made by the plaintiff thereon ; the first, then overdue, to Jason C. Rice securing a promissory note for twelve hundred dollars payable on demand, and the second to Luther Keyes securing a promissory note of five hundred dollars payable in instalments, the first of which was not due until January 1, 1890. This covenant was followed by the clause " which mortgages the said Sanders assumes and agrees to pay," and this was followed by an unrestricted covenant of warranty. On April 4, 1889, the defendant sold the premises and delivered a deed thereof to Joseph Lively, subject to the two mortgages above described, as stated in the covenant against incumbrances, and the same mortgages were also excepted in the covenant of warranty; and Lively

took and held possession of the premises till June 3, 1889. After April 4, 1889, Jason C. Rice demanded payment of the twelve hundred dollar mortgage, but payment was not made; and thereupon, after having duly advertised the same, he sold the premises, on June 3, 1889, to one Davenport, for thirteen hundred dollars, and on June 4, 1889, delivered a deed of the same to Davenport, and received therefor the purchase money.

On May 10, 1888, the plaintiff gave a mortgage to the defendant on a parcel of land in Springfield, and the plaintiff in that mortgage agreed to assume and pay another mortgage subsisting upon the estate for twelve hundred dollars. The last named mortgage had not been paid, but the plaintiff contended that he had been released from his agreement.

The Superior Court ordered judgment for the plaintiff for a sum which included the amount then due upon the second mortgage from the plaintiff to Luther Keyes; and the defendant appealed to this court.

The case was argued at the bar in September, 1889; and was afterwards submitted on the briefs to all the judges.

*S. T. Field,* for the plaintiff.

*S. Sanders, pro se.*

KNOWLTON, J. By accepting his deed from the plaintiff, the defendant assumed and agreed to pay two mortgages, of which one was then overdue, and the other was payable by instalments to become due in the future. It was a single but divisible contract, containing a promise, first, to pay one mortgage immediately, and, secondly, to pay the other when it should become due. In proceedings to recover damages for a breach of the contract, each part of it should be considered separately. It is agreed that there has been no breach as to the second mortgage, and damages can be recovered in this action only for neglect to assume and pay the first mortgage. The plaintiff claims damages of two kinds: first, those resulting from the defendant's failure to relieve him from personal liability on the mortgage debt; and, secondly, those growing out of the defendant's neglect to obtain a discharge of the first mortgage, whereby the plaintiff has been deprived of a benefit which should have resulted to his security for the payment of the second mortgage. If he can recover only for the failure to relieve

him from liability on the mortgage debt, the damage should be only nominal; for before the action was brought, the mortgage was foreclosed, and the debt was paid from the proceeds of the sale of the mortgaged property. If, on the other hand, he can recover on account of the defendant's neglect to do that which would have worked a discharge of the first mortgage, it does not appear that the assessment was erroneous. Our decision, therefore, must depend upon whether a grantee in a deed, who assumes and agrees to pay a mortgage on the property conveyed, undertakes thereby to terminate the vital existence of the mortgage, or only to cancel the mortgage debt, so far as it is a claim against individuals, without discharging the mortgagee's lien upon the land.

One who assumes a mortgage in such an agreement takes upon himself the burden of the debt or claim secured by the mortgage, and there is no doubt that, as between him and his grantor he becomes the principal, and the latter merely a surety for the payment of the debt. It is said in many cases, that primarily the mortgage is a charge upon the land, but it would be more accurate to say that it is made primarily a charge upon the purchase money reserved by the grantee to pay it. *Thayer* v. *Torrey*, 8 Vroom, 339. The relation of the parties and the nature of the contract are the same as if the entire consideration had been paid to the grantor, and he had then taken a part of the money sufficient to pay the mortgage, and had intrusted it to the grantee upon his promise to carry it to the mortgagee and pay it over in satisfaction of the mortgage. Performance of the promise would cancel the mortgage, and leave the estate discharged from the lien. If, as a part of the contract, another portion of the consideration had been paid by giving a second mortgage on the property, the discharge of the first mortgage by payment of the money as agreed might be a very important part of the arrangement, without which the second mortgage would be valueless.

In assuming the mortgage, the grantee undertakes to relieve the mortgagor, not only from personal liability for the debt, but also from all liability under the mortgage. If the mortgagor were released from the debt, while the mortgage was allowed to remain a binding contract enforceable against the land, he

would still be liable on the covenants and agreements contained
in the mortgage. The implied contract would not be performed
so long as the mortgage was outstanding as a valid instrument
upon which the mortgagor could in any form be liable. None
of the cases which have come to our attention imply that the
payment to be made by a grantee in such a case is anything
less than an ordinary payment, which works a complete dis-
charge of the mortgage. The reasoning upon which it is held
that the damage to be recovered for a breach of such a contract
is the amount of the mortgage debt, if no part of it has been
paid, and the authorities cited in support of that doctrine rest
upon the ground that an absolute payment should be made.
And where there is an express agreement to pay, the word
" pay " is used in its usual sense. *Braman* v. *Dowse,* 12 Cush.
227. *Furnas* v. *Durgin,* 119 Mass. 500. *Locke* v. *Homer,* 131
Mass. 93, and cases cited. It follows that, in an ordinary case
of this kind, if a grantee who has assumed a mortgage should
procure from the mortgagee a discharge of the mortgagor from
personal liability upon the debt, and leave the mortgage still in
force, he could be sued by his grantor for a breach of his con-
tract, and nominal damage could be recovered if no actual dam-
age was shown. If the grantor had such an interest in the
property covered by the mortgage as to be actually damnified
by the failure to remove the mortgage, he might recover his
actual damages notwithstanding that he had been relieved from
personal liability upon the debt.

In the case at bar, the plaintiff suffered no actual damage by
reason of his liability upon the debt, for that was paid by a sale
of the mortgaged premises; but under the second mortgage he
had security on the property for his liability named in that, and
he was interested in having the first mortgage satisfied and dis-
charged for the improvement of his security. As a direct re-
sult of the breach of the contract, he was deprived of that
security. The damage which he has suffered is not too remote,
but must be presumed to have been contemplated by the parties
when they made their contract.

The only remaining objection to his recovery of this damage
is, that it is uncertain whether he will ever be required to pay
the debt covered by the second mortgage. But there is much

authority for holding that this fact can make no difference in favor of one who has failed to perform his contract. The defendant should have paid a sum of money which would have given the plaintiff perfect security for the payment by the defendant of the debt upon which the plaintiff is liable. The plaintiff's cause of action for this breach has already accrued. There can be but one recovery upon it, and all his damages must be assessed now. He was entitled to a security which would have been perfect for the amount of the debt. Through the defendant's fault he has no security. His damage is the value of the security which he should have had, up to and not exceeding the amount of the debt secured. *Lethbridge* v. *Mytton,* 2 B. & Ad. 772. *Brown* v. *Howard,* 2 B. & B. 73. *Howell* v. *Young,* 5 B. & C. 259. *Loosemore* v. *Radford,* 9 M. & W. 657. *Lathrop* v. *Atwood,* 21 Conn. 117. *Port* v. *Jackson,* 17 Johns. 239. *In re Negus,* 7 Wend. 499. *Crofoot* v. *Moore,* 4 Vt. 204. *Wilson* v. *Stilwell,* 9 Ohio St. 467. *Stout* v. *Folger,* 34 Iowa, 71. *Ham* v. *Hill,* 29 Misso. 275. *Locke* v. *Homer,* 131 Mass. 93.

The principle involved is the same as that in *Furnas* v. *Durgin,* 119 Mass. 500, and other similar cases. In that case it was uncertain whether the plaintiff would ever be called upon to pay any part of the money which he recovered, for the note might be paid by a sale of the land under the mortgage. We are of opinion, therefore, that the plaintiff was rightfully allowed to recover damages for the loss of his security, caused by the defendant's neglect to perform his contract.

The defendant cannot maintain his declaration in set-off. The action was brought to recover unliquidated damages for a breach of contract, and the claim sought to be set off is of the same kind, and is not within the statute. Pub. Sts. c. 168, §§ 3–7.        *Judgment affirmed.*

FIELD, J. It is conceded, in the opinion of a majority of the court, that the debt secured by the first mortgage had been fully paid, before the suit was brought, out of the proceeds of the land, which had been sold under the power contained in this mortgage, and that neither the interest nor any part of the principal debt secured by the second mortgage had, when the suit was brought, become payable. The contention is that the promise

of the defendant to the plaintiff to assume and pay these mortgages, which is to be implied from the acceptance of the deed, was a promise to pay off immediately on receiving the deed the first mortgage, and to have it discharged, so that thereafter the second mortgage should be a first mortgage, and the plaintiff should have this additional security that the defendant would pay the second mortgage when and as it became payable; that the defendant has not kept this promise, but has neglected to pay off the first mortgage and to have it discharged; and that therefore the plaintiff is entitled to recover the whole amount of the debt secured by the second mortgage as damages.

This contention seems to me to be founded upon a misconception of the nature of the contract of the defendant. It was, I think, a personal contract by the defendant with the plaintiff, that he would pay to the mortgagees, respectively, the mortgage debts when and as they should become payable, so that the plaintiff, who had parted with all his interest in the land, should not be called upon to pay them, but should be discharged from all personal liability. The plaintiff might have taken security from the defendant for the performance of this contract, but he took none. The promise which is implied by the defendant's acceptance of the deed did not convey to the plaintiff any interest in the land. If the plaintiff paid the mortgages, he would be subrogated to the rights of the mortgagees against the land, in addition to his rights against the defendant on the promise, but this right of subrogation he would have had if the defendant had made no promise to assume and pay the mortgages, but had taken a deed subject to the mortgages. This contract of the defendant with the plaintiff, under our law, gave no additional rights to the mortgagees; they could not sue the defendant upon it in their own names, nor could they, without the plaintiff's consent, bring suit in his name. *Prentice* v. *Brimhall*, 123 Mass. 291. *Coffin* v. *Adams*, 131 Mass. 133.

The contract of the defendant with the plaintiff contained in effect two promises; namely, to pay to two different persons two separate debts due to those persons from the plaintiff, and payable at different times. If these debts were paid, when they became payable, out of the proceeds of the land, or by the defendant out of any other property, the plaintiff would

have no cause of action. As between the successive holders of the equity of redemption, the land was the primary fund for the payment of these debts, although the mortgagees might resort to any and all remedies which the law gave them. Although the first mortgage debt was payable on demand, and therefore an action accrued immediately to the plaintiff when the defendant refused to pay it, yet, as the mortgage debt was fully satisfied before the suit was brought, the plaintiff had when he brought his suit no cause of action on account of the first mortgage. *Muhlig* v. *Fiske*, 131 Mass. 110. *Hood* v. *Adams*, 124 Mass. 481. As nothing was due and payable on the debt secured by the second mortgage when the suit was brought, the plaintiff had then no cause of action on account of the second mortgage. If the defendant should pay the second mortgage debt when and as it should become payable, he would perform his promise with respect to this mortgage, and it could not be known when the suit was brought that he would not do this. The defendant never made any promise that the second mortgage should become a first mortgage as security to the plaintiff that he would perform his promise to pay the second mortgage debt when it became payable. It is not contended that he made any such promise in terms, but it is contended that this would be the effect of a performance of the defendant's promise to pay off the first mortgage; that this must have been contemplated by the parties as one of the results of performance; that therefore a cause of action arose for not bringing about this result; and that the damages are to be assessed for the whole amount of the second mortgage, because this mortgage, since the sale of the land, attaches only to the surplus, if any, of the proceeds of the sale after paying the first mortgage debt, and not as a first mortgage to the land itself. The defendant never made any promise that the mortgages should not be paid off out of the proceeds of a sale of the land. If the land had not been sold, and the plaintiff had brought suit for the neglect of the defendant to pay the first mortgage on demand, the damages would have been the amount of the debt secured by this mortgage. The amount of the second mortgage could not be included in the damages, because the obligation to pay that mortgage when it became payable was a separate obligation. The parties cer-

tainly contemplated that the defendant might sell and convey the equity of redemption subject to the mortgages, and it appears that he had conveyed it to Joseph Lively subject to these mortgages before the mortgage sale. He might have conveyed it to Lively with a promise himself to assume and pay the mortgages, or under a promise from Lively to assume and pay them, or simply subject to the mortgages, as the conveyance was in fact made. As Lively took the equity subject to the mortgages, and without any promise on the part of the defendant to pay them, if the defendant paid them he would be entitled to be subrogated to the rights of the mortgagees against the land, that he might compel Lively either to pay him what he had paid, or to lose the equity of redemption in the land. *Hermanns* v. *Fanning*, 151 Mass. 1. Whether, if the defendant had paid the first mortgage out of other property than the land, it would have operated as an absolute discharge of the mortgage, would depend upon his relations to the owners of the equity of redemption subject to this mortgage. He was under no obligation to the second mortgagee to make his a first mortgage, and the only promise he had made to the plaintiff was to assume and pay the mortgages when they became payable. If he conveyed the equity of redemption, as he might do, he had an interest in having the mortgages ultimately paid out of the land, so far as the proceeds of the land would pay them, and he never agreed with the plaintiff that he would part with the right to have this done.

Before the decisions in *Furnas* v. *Durgin*, 119 Mass. 500, and *Locke* v. *Homer*, 131 Mass. 93, it was a question whether a grantor must not first pay the mortgage debt before he could sue his grantee upon such a promise as is contained in the deed in this case. It was decided in those cases that this need not be done, but that the grantor could recover the amount of the mortgage debt if it was payable, because, as between the parties, it was the duty of the grantee to pay it. But the grantee would have the right to have the money which he was compelled to pay to the grantor applied to the payment of the mortgage debt, and whether this payment would operate as a discharge of the mortgage would depend upon the relation of the grantee to other persons having interests in the land subject to the mort-

gage. If the grantor retained no interest in the land, and his personal liability on the mortgage debt was discharged, he would have no interest in the question whether the grantee should be subrogated to the rights of the mortgagee against the land. If in the present case the first mortgagee had made an agreement under seal with the defendant to extend the time of payment, and had taken the obligation of the defendant to pay the debt, knowing that the defendant had promised the plaintiff to assume and pay it, this agreement would, perhaps, have discharged the plaintiff from any personal liability on the mortgage debt, but the making of such an agreement would not have constituted a breach of the defendant's promise to the plaintiff. See *Dickason* v. *Williams*, 129 Mass. 182; *Murray* v. *Marshall*, 94 N. Y. 611; Sheldon on Subrogation, § 26.

On the contract of the defendant implied from the acceptance of the deed, the plaintiff had the same rights of action which he would have upon a similar contract made upon a valuable consideration by a third person, and he would also, if he were compelled to pay the mortgage debts, be subrogated to the rights of the mortgagees against the land, in the same manner as if he had conveyed the equity of redemption subject to the mortgages, but without any promise on the part of the defendant to pay them. The damages for a breach of the promise to pay the debt secured by the first mortgage could never have been greater than the debt itself, and as this had been paid out of property which the defendant had a right to have appropriated to its payment before this action was brought, there were no damages for this breach, and there was when the action was brought no breach of the promise to assume and pay the second mortgage. See *Gaffney* v. *Hicks*, 124 Mass. 301.

I think that there should be judgment for the defendant. Mr. Justice Devens and Mr. Justice William Allen concur in this dissenting opinion.