1842.

WITHERS
*v.*
MORRELL.

WITHERS *v.* MORRELL and others.

On a bill to foreclose a mortgage given for part of the consideration money, the mortgagor cannot, by setting up in his answer that the title to a part of the mortgaged premises had failed, claim a deduction *pro tanto*. He should file a bill.

*January* 5.
1842.

*Pleading.
Mortgagor
and Mort-
gagee.
Vendor and
Vendee.*

BILL to foreclose a mortgage upon thirteen lots of ground in the village of Williamsburgh. This mortgage had been given by the defendant, John Morrell, to secure a portion of the consideration money on a purchase of the property.

In his answer, he insisted that no title had passed as to four of the lots—making his allegation to that effect as follows : " And this defendant, further answering, says that since the execution of the said deed of indenture by said David Codwise to this defendant and of the said bond and indenture of mortgage, this defendant has learned and ascertained and he, therefore, expressly charges and insists that neither at the time of the executing of the said deed by the said David Codwise to this defendant as aforesaid on the said twenty-fifth day of August in the year one thousand eight hundred and thirty-six, nor at the time of the execution of the said deed therein mentioned and recited as aforesaid, that is to say, on the second day of May, one thousand eight hundred and thirty-five, nor at any time since up to the filing of this answer has or had the said David Codwise, or the grantors named in the said deed of the second of May, one thousand eight hundred and thirty-five, or all or any of them severally or collectively or otherwise howsoever any right, title, estate or interest whatsoever in four of the lots, parcel of the said mortgaged premises purporting to

be sold and conveyed by said deed, that is to say, lots described in said mortgages, as lots number forty-four, forty-five, forty-six and forty-seven, nor any right, power or authority to grant and convey the same in any manner or form to this defendant; nor did the said deed of conveyance from said Codwise to this defendant convey or assure to or in any way enable this defendant, his heirs or assigns to have or obtain such right, title or estate as is in said deed purported to be conveyed in and to the said four lots above mentioned or any right, title or estate or interest whatsoever in or to said four lots of land. Wherefore this defendant submits that the consideration of said bond and mortgage or so much thereof as represented and was composed of the purchase money of the said four lots, that is to say, the sum of three thousand four hundred and eighty-eight dollars and eighty-four cents, being the proportional share of said purchase money payable on account of said four lots, with interest thereon from the date of the said mortgages, having wholly failed, the said bond and mortgage have become wholly void or that, at all events, this defendant is entitled to have deducted and abated therefrom the said sum of three thousand four hundred and eighty-eight dollars and eighty-four cents, with interest thereon from the date of said bond and mortgage."

The cause came before the court on bill and answer.

Mr. J. Slosson, for the complainant.

Mr. Noyes, for the defendant.

The Vice-Chancellor :—There is no question about the *Jan.* 17. complainant's right to a decree for a sale of the mortgaged premises and payment of the debt and costs out of the proceeds as far as the same will go. But the question is, whether the complainant shall have a decree over against the mortgagor personally for a deficiency?

The answer of the defendant, John Morrell, shows that he gave the bond and mortgage in part payment of the purchase money for a number of lots, including those mortgaged; that his grantor had no title; and that under the deed to him he has no title to four of the lots embraced by the deed and in-

Vol. III.—71

cluded in the mortgage. The answer is silent about the possession of the four lots—whether it is in the defendant or ever has been ; whether he has been evicted or not ; or whether the possession is held adversely under title paramount or what that title is—but the answer rests on the broad and general assertion that his immediate grantor, David Codwise or those who conveyed to Mr. Codwise (the complainant being one of them) had no right, title, estate or interest whatsoever in four of the lots, " and the deed from Mr. Codwise to the defendant has conveyed no right, title or estate or interest whatsoever in or to the said four lots." Upon this answer, the court is not required to decree the defendant exonerated even *pro tanto* from the mortgage debt. For the purpose of exonerating himself from personal liability, the defendant should file his bill ; and, if he can make out a proper case for relief, he can then have a decree to that effect ; but, in the meantime, is this court bound to decree payment against him personally ? The statute says that this court shall have power to decree payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied after a sale, but the statute on this point is not imperative. The court may decline to make such a decree and authorize the mortgagee to proceed at law for the recovery of such balance. There is enough disclosed in the answer to warrant the court in withholding that part of the decree and in leaving the complainant to sue at law on the bond, when the defendant will have an opportunity of making what defence he can ; and, if he shall think proper to do so, of filing a bill to be relieved touching the payment of the purchase money of the four lots of ground in question.

Decree—for the foreclosure and sale of the mortgaged premises in the usual form ; but add, with liberty to the complainant to sue at law for any balance that may remain unsatisfied.