## MILLER vs. AVERY.

To authorize a party to produce, at the hearing, documentary evidence which is not made an exhibit before the examiner, nor distinctly referred to in the pleadings, the notice of intention to make use of such evidence should state sufficient of the substance of the document intended to be produced, to enable the adverse party to see that it is evidence of some fact against him.

The object of requiring the party to give notice of his intention to use documentary

Miller *v.* Avery.

evidence upon the hearing, ten days before the closing of the proofs, is to enable the adverse party to produce evidence before the examiner to counteract the effect of the documentary evidence mentioned in the notice.

A verdict for the plaintiff, in an ejectment suit, not followed by a judgment, is not tantamount to an eviction of the tenant; when the question as to the effect of such a verdict arises between the tenant and his grantor with warranty.

Where an answer on oath is not waived, matters stated in the bill as being within the personal knowledge of the defendant are to be taken as true, upon the hearing. But not where the complainant, by waiving an answer on oath, elects to take upon himself the burthen of sustaining the allegations in his bill without the aid of a discovery from the defendant.

Where an answer on oath is waived by the complainant, the answer is a mere pleading; and the general traverse at the conclusion thereof puts every thing in issue which is not admitted by the answer; as provided for by the 40th rule of the court of chancery.

A complainant cannot avail himself of a part of the new matters which are set up in the defendant's answer, as a mere pleading, to make out a case for relief not stated in his bill, and at the same time reject other matters connected therewith as a part of the defence stated in the answer.

*It seems* that a verbal agreement made by the grantee of land, at the time of the conveyance thereof to him with warranty, cannot be set up, either at law or in equity, as a defence to a suit for a breach of the covenant of warranty contained in such conveyance; and that all verbal agreements which would be inconsistent with the general covenant of warranty, against all persons, must be considered as merged in the written covenant.

The mere fact that a purchaser of real estate, who has a covenant of warranty from the grantor, is sued for the purpose of recovering the premises, by persons *claiming* title paramount to his deed, will not authorize such grantee to come into the court of chancery for relief against an action at law, for the unpaid purchase money for the premises.

The case of *Johnson* v. *Gere*, (2 *John. Ch. Rep.* 546,) commented upon; and the decision, as reported, questioned.

The mere fact of a failure of title in the vendor, affords no sufficient ground for the purchaser's coming into a court of equity for relief, where he has not been disturbed in his possession, and where no suit has been brought against him by the rightful owner of the land. And the bringing of an ejectment suit against the grantee of lands, by persons claiming to have a title paramount to that of the grantor, without establishing the fact that the plaintiff in the ejectment suit is the real owner of the land, affords no sufficient ground for the grantee coming into the court of chancery for relief, against an action at law for the recovery of the unpaid purchase money due to the vendor of the land.

Nor is it a valid defence to a suit in chancery, for the foreclosure and satisfaction of a bond and mortgage given for the purchase money upon a sale of the land, that an ejectment suit has been brought against the mortgagor, by a stranger claiming the land.

Where the title of the grantor of land was perfect at the time he conveyed the same

Miller *v.* Avery.

with warranty, but one of the conveyances through which that title is derived has not been recorded, and the grantee subsequently receives that deed from his grantor under an agreement by him that he will procure it to be recorded, but he neglects to do so ; and in consequence of such neglect he loses the title to the land, by its being sold by the sheriff under a subsequent judgment against the grantor in such unrecorded conveyance, *it seems* the court of chancery would relieve the covenantor against an action brought against him, on his covenant of warranty, by his grantee.

THIS was an appeal from a decree of the assistant vice chancellor of the first circuit, dismissing the complainant's bill. The defendant Avery, in June, 1836, conveyed to the complainant Miller, a tract of land in Lycoming county, in the state of Pennsylvania, with warranty, for the consideration of $300 ; and took back a note from Miller for the purchase money, payable in five years with interest. And in September, 1843, Avery commenced a suit upon his note in the supreme court of this state. In December thereafter, an ejectment suit was brought against Miller in Pennsylvania, by persons claiming title to the lands conveyed to him. The bill in this cause was thereupon filed, for the purpose of obtaining an injunction to restrain Avery from proceeding in his action upon the note until the determination of the ejectment suit ; and if that should be determined in favor of the plaintiffs therein, then for a perpetual injunction against Avery. An answer of the defendant upon oath was waived ; but Avery put in an answer on oath, for the purpose of obtaining a dissolution of the preliminary injunction which had been granted upon filing the bill. A replication to the answer was filed, but no proofs in the cause were taken by either party. But more than ten days before the entering of the order to close the proofs, the complainant's solicitor gave notice that, upon the hearing, he intended to use an exemplified copy, under the seal of the court in Pennsylvania, of the record of the proceedings and verdict in the ejectment suit mentioned in the bill The notice did not, however, state that any judgment had been rendered upon the verdict in the ejectment suit, or whether the verdict was in favor of the plaintiffs or of the defendant in that suit. At the hearing, a copy of the minutes of the clerk of the court in Pennsylvania was produced, under the

seal of the court, showing that an ejectment suit had been commenced, for the land mentioned in the deed to the complainant, by the issuing of a summons, which did not appear to have been served ; that on the day such summons was issued, and before the return day, Miller appeared by his attorney and pleaded the general issue, and that subsequently a verdict was rendered for the plaintiffs. But it did not appear by the clerk's minutes produced at the hearing, what evidence of title was given by the plaintiffs on that trial, or whether they claimed by title derived from Miller subsequent to the deed of Avery to him, or by virtue of a paramount title.

*H. Van Der Lyn,* for the appellant. The bill in this cause was filed and the injunction granted on the authority of *Johnson* v. *Gere,* (2 *John. Ch. Rep.* 547 ;) cited by the chancellor in *Woodruff* v. *Bunce,* (9 *Paige,* 445,) and by Justice Bronson in *Edwards* v. *Bodine,* (26 *Wend.* 114.) The assistant vice chancellor has overruled these decisions without referring to a single authority, in equity, to support his decision. Ever since Chancellor Kent made his decision in 1817, in the case of *Johnson* v. *Gere,* it has been recognized by our highest tribunals as an existing and binding authority in courts of equity. The bill in this cause was therefore rightfully filed ; and the injunction thereon was properly granted.

It is admitted that the fact that an ejectment suit had been brought against Miller, to recover the land under a paramount title, could not avail Miller as a defence to the action at law, in the suit of Avery against Miller, to recover the consideration for the land sold by Avery to Miller. This is one of the cases in which equity corrects the law, where by reason of its universality it is defective. And the court of chancery interferes by injunction, to stop a vendor, with warranty, from proceeding at law to collect the price of the land, at the same time that his vendee is sued in ejectment to recover from him the possession of the land, by persons claiming a paramount title, until the ejectment suit is determined. What can be more equitable than the decision in *Johnson* v. *Gere ?* Avery

---

Miller v. Avery.

---

is bound by his warranty deed to indemnify and defend Miller against the ejectment suit, in Pennsylvania, to recover the lands from Miller under a paramount title. Avery is the real defendant in the ejectment suit. While that suit is pending and the title to the land is in jeopardy, he has no equitable right to collect the price of the land from his vendee. For the result of that suit will determine whether he has any right whatever to the consideration money for the land. It is inequitable that he should collect the price before the result of the ejectment suit is known. For if his title is overthrown, his right to the price is lost; and if he has collected it, he will be bound immediately to restore it to the vendee.

*S. McKoon*, for the respondent. The preliminary injunction in this cause was granted on the following charges in the bill of complaint; that the defendant well knew that no legal title to the premises was conveyed to the complainant by the defendant's warranty deed, for which the note was given; that an ejectment had been commenced against the complainant by persons claiming the paramount title to the premises; and that the defendant was in low pecuniary credit, and probably insolvent. The first and third charges are expressly denied in the answer. The second is admitted; but a state of facts is detailed which shows conclusively that the legal title was in the defendant at the time of his conveyance to Miller, and that the complainant, by omitting to put his title deeds upon record, has involved himself in an ejectment suit with a subsequent purchaser under a judgment against Church, the common source of title.

This cause is to be determined upon the matters contained in the bill and answer; and the answer is to be taken as true. (7 *John. Ch. Rep.* 217. 2 *Cowen's Rep.* 118.) It will be seen by a reference to the chain of conveyances stated in the bill and answer, that Church is the common source of title, and that the plaintiffs, in the ejectment suit, claim title by virtue of a purchase at a sheriff's sale, held nearly one year after the defendant conveyed the premises to the complainant. If all the

Miller v. Avery.

deeds had been recorded when given, the record evidence of the complainant's title would have been perfect. When Avery conveyed to Miller, the latter knew that the deed from Church to Maynard and the deed from Maynard to Avery were not recorded; and he agreed with Avery to get them recorded if Avery would deliver them to him for that purpose. In pursuance of that proposition Avery delivered to Miller as well the deed from Church to Maynard, as the deed from Maynard to Avery; and the defendant swears in his answer that "he relied upon the good faith, honesty and integrity of the complainant to cause the same to be recorded in pursuance of his agreement." If the plaintiffs in the ejectment suit, recover against Miller, therefore, Avery is excused; upon the ground of the laches of Miller in not recording the deeds, which he had had in his possession for that purpose nearly a year previous to the sheriff's sale under which the plaintiffs in the ejectment suit claim title. As well might Miller claim that Avery's covenant of warranty extends to liens acquired by the state of Pennsylvania for the non-payment of taxes subsequently assessed, as to the lien acquired by the purchaser at the sheriff's sale. Nothing short of an eviction will amount to a breach of a covenant of warranty. (*Tallmadge* v. *Wallis,* 25 *Wend.* 115.)

No fraud being established against the defendant, and his solvency being unquestionable, the injunction should be dissolved. And the proceedings upon the note being in the supreme court and the defendant solvent, the complainant should be left to his remedy upon his covenant.

The decree dismissing the complainants' bill was based upon the opinion of the assistant vice chancellor, that the answer of the defendant must be taken as true; that it denied all the equities of the bill, and absolved the defendant from the charges · of fraud and insolvency; and that the complainant had an ample remedy at law upon the covenants as to the title. And the defendant insists that it would be inequitable and oppressive to continue the injunction under the state of facts as detailed in the answer; and therefore asks that the decree of the vice chancellor be affirmed with costs.

Miller *v.* Avery.

*Van Der Lyn*, in reply. A replication to the defendant's answer having been filed, and an order to produce witnesses and to close the proofs having been entered, the complainant noticed the cause for hearing in September, 1845, before the assistant-vice chancellor. The defendant's counsel is wrong in supposing that every thing stated in his answer is to be taken as true. The 36th rule only applies where a defendant moves to dissolve an injunction. Then, and for that purpose the answer, will have no other or greater force as evidence than the bill. The whole force of the defendant's argument rests on the effect he imputes to the parol agreement set up in his answer as having been made between Avery and Miller at the time of the giving of the warranty deed from the former to the latter. That agreement, if ever made, was void in law; because it was merged in the absolute covenants of the deed, and because it could not contradict the deed. The defendant cannot impart any validity to it, by setting it up by way of defence to contradict and vary the absolute covenant of warranty in his deed. (*Hunt* v. *Amidon,* 4 *Hill,* 346.) The verbal agreement, stated in defendant's answer, is wholly inadmissible to vary or discharge the absolute covenant of warranty in the deed. Besides, a covenant under seal cannot be discharged or impaired by a parol agreement before breach. The discharge must be under seal. (*Suydam* v. *Jones,* 10 *Wend.* 184.) The parol agreement being void and inoperative, must be laid aside, in the argument of this cause. What follows? The defendant admits in his answer, and proves it by setting forth in his answer extracts from the records of Lycoming county, Pennsylvania, that the plaintiffs in the ejectment suit against Miller, who were the purchasers of the land at the sheriff's sale under a judgment in favor of Montgomery against Church, have acquired the record title to the land, by the recording of the deed of the sheriff to them; that Avery's title to the premises has failed, by the omission to record the deed from Church to Maynard, the grantor of Avery; and that the plaintiffs in the ejectment suit must succeed against Miller. Hence the ejectment suit could not fail to terminate, as it has in fact done, in

Miller *v.* Avery.

the overthrow of Miller's title under Avery, and in the eviction of Miller from the land; and in Avery's loss of the right to the $300, the price of the land, and the costs and expenses of defending the ejectment suit in Pennsylvania, and the costs recovered in the ejectment suit against Miller.

As the learned counsel of the defendant have produced no authority to impair the equitable rule established in the case of *Johnson* v. *Gere*, nor denied that the case of the complainant is in all respects like that, there can be no doubt that the injunction in this cause was rightly granted, and ought to be continued; and that the decree of the assistant vice chancellor should be reversed with costs.

THE CHANCELLOR. The paper produced at the hearing was properly rejected by the assistant vice chancellor, even if it was competent for the complainant to give in evidence an eviction under paramount title, subsequent to the commencement of the suit, and without filing a supplemental bill stating the fact of such eviction. In the first place, the notice was not sufficient to authorize the complainant to produce, at the hearing, a record of a verdict in the ejectment suit against the complainant. To authorize a party to produce, at the hearing, documentary evidence which is not made an exhibit before the examiner, nor distinctly referred to in the pleadings, the notice should state sufficient of the substance of the document intended to be produced, to enable the adverse party to see that it would be evidence of some fact against him. The object of requiring the party to give notice of his intention to use documentary evidence upon the hearing, ten days before the closing of the proofs, was to enable the adverse party to produce evidence before the examiner to counteract the effect of the documentary evidence mentioned in the notice. Thus, if the complainant had given notice to the defendant before the proofs were closed, that the ejectment suit had been brought to trial, and that a verdict had been rendered for the plaintiffs in that suit, and that a copy of the minutes of the clerk, duly authenticated so as to make it legal evidence under the law of the United States, would be

produced at the hearing, showing that fact, it would have been competent for the defendant in this suit, to produce evidence before the examiner to show that the verdict had been obtained by collusion between the parties in the ejectment suit, or that it was obtained upon proof of title to the land derived from Miller himself; or that the verdict had been subsequently vacated or set aside by the court in which it had been rendered. The complainant had a right to produce the documentary evidence referred to in the pleadings, to prove the fact of the ejectment suit, and for what premises it was commenced, if that fact was not sufficiently admitted in the answer of the defendant; but for no other purpose. Nor was a verdict in an ejectment suit, not followed by a judgment, tantamount to an eviction. So that the evidence would not have helped the complainant, if a proper notice of the nature and effect of the documentary evidence intended to be produced had been given. This case, therefore, must be decided upon the facts as they existed at the time of the commencement of this suit, and as they are presented by the pleadings.

The assistant vice chancellor was right, as to the construction of the last clause of the 17th rule. Where an answer on oath is not waived, matters stated in the bill as being within the personal knowledge of the defendant, are to be taken as true upon the hearing. But not where the complainant elects to take upon himself the burthen of sustaining the allegations in his bill, without the aid of a discovery from the defendant, by waiving the answer on oath. For in that case, the answer is a mere pleading; and the general traverse at the conclusion thereof, puts every thing in issue which is not admitted by the answer; as provided for by the 40th rule of the court of chancery.

The new matters set up in the answer, as a defence, are not proved, and cannot therefore avail the defendant, if the matters of the bill which are admitted in the answer are sufficient to entitle the complainant to a decree granting the relief asked for in his bill, or any part of it. The complainant, however, cannot avail himself of a part of the new matters, which are

set up in the answer as a mere pleading, to make out a case for relief not stated in his bill, and at the same time reject the other matters connected therewith as a part of the defence stated in the answer.

The charge in the complainant's bill is, that at the time of the execution of the deed to the complainant, and when he gave his note for the purchase money of the land in Pennsylvania, he believed that the deed conveyed to him a good title to the land, but that he has since discovered that the defendant's title was defective and void, as against the paramount title of other claimants, the real owners of the land ; that the complainant did not obtain the legal title under the defendant's deed ; and that the owners of such paramount title have since commenced an ejectment suit against the complainant, to establish their rights to such land. The bill further charges that at the time of the commencement of the suit upon the note, Avery was insolvent or irresponsible, and that he then knew no legal title to the land was conveyed to Miller by the deed of 1836. The answer denies these allegations in the bill, and shows that the defendant, instead of being insolvent or irresponsible, has a large visible property, and is worth ten times the amount of the consideration mentioned in his warranty deed. This leaves the complainant's right to relief in this case to stand upon the simple grounds that a suit has been commenced against him, by persons claiming to be the owners of the land for the purchase money of which the note was given, and that the defendant has given a deed with warranty. For I have looked in vain for any allegation in the bill, or admission in the answer, that by the laws of Pennsylvania a judgment, recovered against a former owner of real estate, is a lien upon land which he had previously conveyed ; so as to give to a purchaser under an execution upon the judgment a title which will overreach a conveyance from the judgment debtor, made before the recovery of the judgment, where the deed from the sheriff is recorded before the recording of such prior conveyance. Such is not the rule of the common law. And if there is any statute, or other local law in Pennsylvania, changing the rule of the

common law in this respect, our courts cannot take judicial notice of it.   But it must be proved as a matter of fact, if not admitted by the pleadings in the suit.

It may be proper to state, however, that if there is such a local law in Pennsylvania, the matters set up in the answer, if proved, would be a bar to any suit by the complainant here for relief, even if the defendant was insolvent and a recovery had been obtained against the grantee of Avery upon the ground that the purchasers had acquired the legal title to the land because their deed was recorded previous to the recording of the conveyance of December, 1833, from W. Church to A. K. Maynard; and that too without reference to the allegation in the defendant's answer that the purchasers at the sheriff's sale knew, at the time of their purchase, that the judgment debtor had no title to the land when the judgment was recovered, or at the time of the sale of all his interest in the land, by the sheriff.

The answer states that in December, 1833, which was nearly two years before the recovery of the judgment under which the plaintiffs in the ejectment suit purchased, W. Church, against whom that judgment was subsequently recovered, conveyed the land in question to Maynard, by a conveyance duly executed and properly acknowledged, and that in April, 1834, Maynard conveyed the same land to Avery, the defendant in this suit; which last mentioned conveyance has been recorded in the county where the lands lie.   The answer further states that at the time of the conveyance from Avery to Miller, the latter was informed that the deed from Church to Maynard was not recorded, and agreed to get it recorded himself; that shortly after the conveyance to the complainant, in June, 1836, and in the course of that summer, Miller received from Avery the deed from Willard Church, for the purpose of having it recorded in conformity with the previous agreement of the parties; and that if there is any defect in the record evidence, of the title of Miller to the land, such defect is owing to his neglect to have the deed, from Church to Maynard, recorded previous to the sheriff's sale in May, 1837.

It is not necessary to inquire here, whether the verbal agreement made at the time of the conveyance of the land with warranty, by Avery, could of itself be set up as a defence, either at law or in equity, to an action for a breach of the warranty contained in that conveyance. I am inclined to think, however, it could not; and that all such verbal agreements which would be inconsistent with the general covenant of warranty against all persons, would be considered as merged in that written covenant. It would unquestionably be so merged at law. (*Hunt* v. *Amidon,* 4 *Hill's Rep.* 345.) And I see no good reason why it should not have the same effect in a court of equity, as a mere question of evidence. If it was necessary, therefore, that the deed from W. Church should be recorded in order to protect the complainant's title against a subsequent conveyance from Church, or a conveyance upon a sale under a subsequent judgment against him, I think Miller might have insisted that Avery should be at the trouble and expense of having the deed from Church to Maynard properly recorded.

But if Miller intended to insist upon his legal rights, under the written covenant of warranty, the proper time to do so was when that deed was delivered to him to be recorded; pursuant to the verbal understanding of the parties which existed at the time of the conveyance of the land by Avery to him. By receiving the deed for the purpose of putting it on record, and without any objection on his part that the verbal agreement to do so, which he had previously made, was not binding, he deprived the defendant Avery of the power of putting it on record himself, and thus protecting the title of his grantee. And having by his own negligence lost the title to the land, it would be unconscientious for him afterwards to insist upon enforcing his general covenant of warranty against the defendant. The facts stated in the defendant's answer, therefore, would form a just claim to relief in equity against Miller, if he should endeavor to enforce his covenant of warranty in an action at law, upon the ground that the title to the land conveyed to him had been lost by not recording the deed within a reasonable time after it was received by him for the purpose of being recorded.

Miller v. Avery.

And what would in this court be a ground for relief against an action at law upon the covenant of warranty must, if proved, be a good defence to a bill for relief, against the suit upon the note, because the title to the land has been lost by failing to record the deed from Church to Maynard.

The question, therefore, recurs in this case; does the mere fact that a purchaser of real estate who has a covenant of warranty from the grantor, is sued for the purpose of recovering the premises by persons *claiming* title paramount to his deed, authorize such grantee to come into the court of chancery for relief against an action at law, for the unpaid purchase money of the premises? And upon this point, I think the decision of the assistant vice chancellor was right. The appellant's counsel relies upon a decision of the late Chancellor Kent, upon an ex parte application for an injunction, in the case of *Johnson* v. *Gere*, (2 *John. Ch. Rep.* 546.) If the whole substance of the complainant's bill, in that case, is stated in the report, it is undoubtedly a case which goes upon all fours with the present, and is entitled to all the weight which a mere ex parte decision of that learned jurist, who made it, ought to receive. I think it is evident, however, that the reporter was under a mistake in the statement of the case, or that the chancellor overlooked the fact that it was not alleged in the bill that the complainants even believed their title to the land was defective. For it cannot be possible that he intended to decide that a mere claim of a paramount title by a third person, and the bringing of a suit upon that claim against the purchaser, was sufficient to authorize this court to stay the vendor, who had warranted the title, from proceeding at law or in equity to collect the unpaid purchase money. If the law was so, any vendee who was not ready to pay his purchase money when it became due, might make a secret arrangement with some third person to claim the premises and bring an ejectment suit therefor, and thus tie up the vendor from collecting his debt, indefinitely. For, if the vendor should be allowed by the court at law to interfere with the defence of the ejectment suit, so as to get it out of court within a reasonable time, the plaintiff might suo-

mit to a nonsuit and then bring a new action. And such new action, either by the original plaintiff or by a new claimant, would entitle the vendee to a new decree, staying the collection of the unpaid purchase money, until the final termination of that suit. I concur in the suggestion of the assistant vice chancellor in *Banks* v. *Walker,* (3 *N. York Leg. Obs.* 343,) that the complainant's bill, in the case of *Johnson* v. *Gere,* set out the will of J. M. Pierson, from which it was apparent that his widow had but a life estate in the premises, and that the title which Gere derived under her failed at her death; so that her infant children must succeed in the ejectment suit, which their guardian had commenced in their names, for the recovery of the land conveyed by Gere with warranty. Whether that state of facts would enable the vendee, or his legal representatives, to come into this court for relief, before an actual eviction, where the vendor who had conveyed with warranty, was not only solvent but abundantly able to pay any sum which might be recovered against him in an action at law upon his covenant, is at least doubtful. It is sufficient to say that it has frequently been decided that the mere fact of a failure of title in the vendor affords no sufficient ground for coming into this court for relief; where the purchaser has not been disturbed in his possession, and no suit has been brought against him by the rightful owner of the land. (*Bumpus* v. *Platner,* 1 *John. Ch. Rep.* 218. *Woodruff* v. *Bunce,* 9 *Paige's Rep.* 443. *Withers* v. *Morrell,* 3 *Edw. Ch. Rep.* 560. *Edwards* v. *Bodine,* 26 *Wend. Rep.* 109.) And it is equally clear that the mere bringing of an ejectment suit against the grantee of lands, by persons claiming to have a title paramount to that of the grantor, without establishing the fact that the plaintiff in the ejectment suit is the real owner of the land, affords no sufficient ground for coming into this court for relief, against an action at law for the recovery of the unpaid purchase money due to the vendor of the land. Nor is it a valid defence to a suit in this court, for the foreclosure and satisfaction of a bond and mortgage given for the purchase money upon a sale of the land. That question was correctly decided by the assistant vice chan-

cellor, in *Banks* v. *Walker*, (3 *New-York Leg. Obs.* 340.) And he very properly followed that decision in the present case.

The decree appealed from must therefore be affirmed with costs.