## JAMES GAFFNEY *vs.* SAMUEL D. HICKS.

Suffolk.    March 10, 1880; March 1. — April 11, 1881.    COLT, J., absent.

A. conveyed to B. by deed certain land, subject to two mortgages, then overdue,
"both of which mortgages, and the notes secured thereby and interest thereon,
the said grantee by the acceptance of this deed assumes and agrees to pay
and save me harmless therefrom, the same forming part of the consideration."
Contemporaneously with the execution of this deed, B. agreed in writing, under
seal, with A., to save A. harmless from certain promissory notes, amounting to
a certain sum, and, upon payment of that sum by A. at any time within one
year, to reconvey to A. the land in question free from all incumbrances, ex-
cept the two mortgages named in the deed from A. to B.   During the year, the
holder of the second mortgage foreclosed the mortgage and sold the land for
a sum insufficient to pay that mortgage.   *Held*, in an action by A. against B.
for the balance due on the second mortgage, that the deed and the agreement
to reconvey, taken together, constituted a third mortgage on the land, from
which A. was entitled to redeem upon the payment to B. of the amount secured
thereby; and that the action could not be maintained.

CONTRACT for breach of an agreement to pay a certain mort-
gage and mortgage note subsisting upon an estate conveyed by
the plaintiff to the defendant.   Writ dated September 16, 1878.
Trial in the Superior Court, without a jury, before *Brigham*,
C. J., who found for the plaintiff, and allowed a bill of excep-
tions, the material parts of which appear in the opinion.

*W. F. Slocum & W. S. Slocum*, for the defendant.

*W. S. Stearns*, for the plaintiff.

ENDICOTT, J.   The deed given by the plaintiff to the defend-
ant conveyed the land subject to two mortgages, both then over-
due, and contained this clause: "both of which mortgages, and
the notes secured thereby and interest thereon, the said grantee
by the acceptance of this deed assumes and agrees to pay and
save me harmless therefrom, the same forming a part of the
consideration."   The defendant at the same time executed to
the plaintiff an agreement to save the plaintiff harmless from
certain promissory notes to the amount of $802, and that he
would, upon payment of said sum by the plaintiff, at any time
within one year, reconvey the premises to the plaintiff free from
all incumbrances except the two mortgages.   During the year,
Lucy G. Elliott, the holder of the second mortgage, foreclosed
the mortgage and sold the estate for a sum insufficient to pay
that mortgage.

The plaintiff brought an action within the same year against the defendant to recover the amount due and unpaid on the second mortgage. That case was before us in 124 Mass. 301, and it was decided that the two instruments were to be construed together, and that the action could not be maintained on the ground that it was not in the contemplation of the parties that the defendant should pay the plaintiff any sum he had paid, or was liable to pay, on the note, within the time named in the agreement to reconvey, and while the defendant held the property only as collateral security for the payment of $802, and was bound upon payment to reconvey the premises subject to the two mortgages. So far as the plaintiff was concerned, the defendant had no duties to perform in regard to the mortgage notes during the term. What would be the extent or character of the obligations, which the defendant had assumed under these two instruments, if the plaintiff failed to pay and to demand a conveyance within the year, was not determined; nor was it expressly decided whether the defendant took an absolute title with a mere agreement to reconvey, or whether the agreement was a defeasance which, taken with the deed, constituted a mortgage. In either aspect, it was clear that the plaintiff could not maintain his action while he had the right to a reconveyance on paying $802 only, and while the defendant was only bound to reconvey subject to the two mortgages. The plaintiff never demanded a reconveyance, and has not paid any sums on the note held by Lucy G. Elliott.

This action is brought by the plaintiff after the expiration of the year for the benefit of Lucy G. Elliott, to whom he has assigned his interest. The cause of action is the same as in the former writ. We propose to consider the nature of the contract entered into by the defendant, without regard to the subsequent dealings with the property, and the sale under the first mortgage.

If the defendant took an absolute title by the deed, giving back a mere agreement to reconvey, then the plaintiff, on the authority of *Furnas* v. *Durgin,* 119 Mass. 500, and *Locke* v. *Homer, ante,* 93, would be entitled to recover, although he had paid no money; or if the assignment to Lucy G. Elliott was equivalent to payment, then he would be entitled to recover on

the ground that he was to be indemnified for what he had actually paid, as in *Brewer* v. *Worthington*, 10 Allen, 329, unless the foreclosure of the second mortgage during the year, which rendered it impossible for the plaintiff to convey any title to the defendant, changed or affected the rights of the parties. But these questions need not be considered, for we are of opinion that the two instruments taken together constituted a mortgage, to the same extent as if these provisions were embodied in one instrument.

The agreement is under seal, and was executed with the deed. The bill of exceptions finds that it was the consideration for the execution and delivery of the deed itself. They together constituted one transaction, the obvious purpose of which was to secure to the plaintiff the payment of $802, being the amount of certain notes, held by the firm of which the defendant was a partner, and from all liability upon which as maker, indorser, or otherwise, the defendant by the agreement bound himself to protect and save harmless the plaintiff. Upon payment of this sum, and this sum only, the defendant was bound to reconvey the property. This was the condition upon the performance of which by the plaintiff the estate created by the deed would be defeated. The defendant, therefore, held simply a third mortgage. *Erskine* v. *Townsend*, 2 Mass. 493. *Bayley* v. *Bailey*, 5 Gray, 505. *Murphy* v. *Calley*, 1 Allen, 107, and cases cited. This being a third mortgage, it follows, as a necessary result, that the plaintiff had the right to redeem the land from this incumbrance, not only during the year named in the mortgage, but at any time after breach of the condition and before foreclosure, upon paying or tendering payment of the $802 secured thereby, with interest thereon.

It is to be observed that this third mortgage gives no security to the defendant for any payments he may make to the plaintiff of the sums due on the first or second mortgages, but only for the sum from the payment of which he agreed to protect the plaintiff. Nor does the plaintiff stand in the position of a grantee to whom the whole title has been conveyed subject to prior mortgages, and to whose benefit the payment of such mortgages would enure, and to whom security would be afforded for such payment, in the land of which he is the absolute owner.

Nor are we called upon to consider what would be the equitable obligations and rights of the parties, if the defendant had actually paid these sums to the plaintiff, and the prior mortgages had been discharged, and the plaintiff should then seek to redeem this third mortgage, as he would have the right to do. A different question would there be presented, the solution of which would depend upon the application of very different principles.

The question here is, Does the acceptance of this third mortgage, containing a stipulation that the mortgagee shall pay, or hold the plaintiff harmless from, the notes secured by the prior mortgages, imply a promise in this case by the mortgagee to pay, founded on a sufficient consideration ; and can the plaintiff enforce such payment in an action at law, while he has the right to redeem the third mortgage on the payment of $802, and while the defendant holds a title defeasible on such payment ?

It has been repeatedly held in this Commonwealth, that, when a grantee takes a deed of an entire estate, subject to a mortgage which the grantee by the terms of the deed is to assume or pay, for a consideration which includes the sum due upon the mortgage, a duty is imposed upon him by the acceptance of the deed, and, being a duty, the law implies a promise to perform it, on which an action will lie if not performed. *Pike* v. *Brown*, 7 Cush. 133. *Braman* v. *Dowse*, 12 Cush. 227. *Furnas* v. *Durgin*, 119 Mass. 500. *Locke* v. *Homer, ante*, 93. In all these cases, the implied promise arises when the grantee takes the entire estate, for which he is to pay what is due on the mortgage as a part of the consideration ; and the grantor receives what may be due over and above the mortgage in cash, and is entitled to be held harmless from all liability on the mortgage. And when the grantor himself pays the mortgage debt, the mortgage is thereby discharged, and he may recover from the grantee what he has paid ; when the grantee pays it, the mortgage is duly discharged.; and in both cases the mortgage merges in the equity. See *McCabe* v. *Swap*, 14 Allen, 188. In *Jewett* v. *Draper*, 6 Allen, 434, the defendant took a fourth mortgage, which contained the provision that the mortgagee should assume and pay the three previous mortgages. The mortgage was given to secure the payment of the note of the plaintiff for

$1250, which included not only the sum lent by the defendant, but also the amount due on all the prior mortgages. As the plaintiff furnished the money to the defendant to pay the prior mortgages, and he undertook the duty, he was bound to perform it.

But a very different state of facts existed in the case at bar, after the deed and the agreement to reconvey had been executed and delivered; and the rights of the parties were fixed at that time. The defendant received no money to pay the prior mortgage debts, nor any conveyance of the entire estate upon a consideration of which the amount of the prior mortgage debts formed a part. It is true that the consideration named in the deed purports to be $3200, a sum sufficient to include the amounts due on the three mortgages. But the defendant has no such sum in his hands, which can be said to belong, or to be due, to the plaintiff. He owed the plaintiff no money for the estate which he could promise to pay on the prior mortgages, for the estate was not conveyed to him, the equity of redemption remaining in the plaintiff; and no promise can be implied to pay a sum of money which it is evident on the face of the papers he does not owe. The defendant held only a mortgagee's title, defeasible on the payment of $802 and interest.

This is all the plaintiff would have been obliged to pay in performance of the condition contained in his mortgage to the defendant; for a mortgagor in redeeming a mortgage is never bound to pay more than is due on the mortgage debt, whatever may be the sum named as the consideration of the mortgage deed. *Bullard* v. *Briggs*, 7 Pick. 533. See *Garnsey* v. *Rogers*, 47 N. Y. 233. To require of the defendant to pay this note would impose upon him a duty, for the performance of which he has received no consideration whatever.

Taking the two instruments together as constituting one contract, the terms of the agreement to reconvey control the terms of the deed; not only so far as the deed purports to be an absolute conveyance, but also so far as it purports to impose on the defendant the duty of paying off the prior mortgages. When the plaintiff redeems this mortgage, he must do so according to its terms, and one of them is that the defendant shall reconvey subject to the prior mortgages. It would be an extraordinary

and inequitable construction of the agreement to reconvey, not to require of the plaintiff upon reconveyance the same assumption of the prior mortgages; and the result would be to make the defendant pay a sum of money, which the plaintiff would have to pay back when he seeks to redeem.

In this view of the case, it becomes unnecessary to consider the other questions raised and argued at the bar.

*Exceptions sustained.*