WEBBER *v.* LAWRENCE.

MORTGAGES—FORECLOSURE—PERSONAL DECREE.

A personal decree upon a bill to foreclose a mortgage will not
be granted against one to whom the mortgagor conveyed
the mortgaged premises by a deed given as security for the
former's promise, in a separate written agreement, to pay the
mortgage in case payment should be demanded by the mort-
gagee, where the latter was not a party to such agreement,
and it could not be enforced in favor of the mortgagor be-
cause of his breach of its conditions.

Appeal from Saginaw; Wilber, J.    Submitted October
18, 1898.    Decided December 6, 1898.

Bill by William L. Webber, executor and trustee of the
estate of Jesse Hoyt, deceased, against Frank Lawrence,
Edward Corning, and others, to foreclose a mortgage.
From a decree of foreclosure denying a personal decree
against defendant Corning, complainant appeals.    Af-
firmed.

*L. T. Durand*, for complainant.

*John A. McKay*, for defendant Corning.

HOOKER, J.    On November 10, 1894, Frank Lawrence
was the owner of a building in Saginaw, upon which he
had previously given a mortgage for $15,000.    It was
held by the complainant.    Lawrence was embarrassed
pecuniarily, and on that day he obtained from defendant

Corning his indorsement upon Lawrence's note for $5,000, which Lawrence negotiated and obtained the money upon. At the same time he executed and delivered to Corning a warranty deed of the premises, which deed contained the following provision, viz. :

"The said Lawrence covenants that he is well seised of the above-granted premises in fee simple; that they are free from all incumbrances whatever, except a mortgage to William L. Webber, executor and trustee, for $15,000; and that he will, and his heirs, executors, and administrators shall, warrant and defend the same against all lawful claims whatsoever, except as against said mortgage to William L. Webber, executor and trustee as aforesaid, which said mortgage is assumed by said second party as a part of the consideration named herein."

The consideration named in the deed was $20,000. Contemporaneously with this deed, the parties signed an agreement, duly acknowledged, referring to said deed, containing the following provisions:

"Now, it is hereby understood and agreed by and between the parties hereof that *said deed is received in trust by the said Edward Corning to secure the said Edward Corning for his indorsement on a promissory note dated November 10, 1894, for $5,000, due in three months, made by Frank Lawrence, and indorsed by Edward Corning, and payable at the Second National Bank of the City of Saginaw, Michigan; and if said Frank Lawrence shall pay said note,* or the renewals thereof, with the interest thereon, and also pay the principal and the interest on a $15,000 mortgage now on said property, held by William L. Webber as executor and trustee, and also keep up and pay all taxes and insurance on said building, and save the said Edward Corning, his heirs or assigns, harmless therefrom, so that he will not be obliged to pay said matters, so that, at the end of five years from the date hereof, the said Lawrence shall not be indebted to the said Edward Corning for any amounts of money which he may be obliged to advance in payment of the said note first referred to, or said mortgage and interest to said William L. Webber, trustee, or for taxes or insurance, then said Edward Corning shall *reconvey said property to said Frank Lawrence,* or to whom he

may direct; *and this deed is intended, and is given and accepted by both parties hereof, to further secure said Edward Corning,* his heirs or assigns, for such other or further advances in money or other indorsements than herein referred to, and shall *stand as a lien against* said property until all such matters that Edward Corning, his heirs or assigns, holds that he has personally advanced or paid, *until he has been fully paid for* on such matters."

Also, the following clause:

"In consideration of receipt of said deed above referred to, the said Edward Corning, his heirs and assigns, agrees to allow said Frank Lawrence to remain in possession of said property, to keep it for himself, or to lease the same to other parties, and collect the rents for the purpose above mentioned, and possess and handle the said property in every respect as though said deed had been in form a mortgage."

Also, the following clauses:

"Said Lawrence further agrees to collect all rents received from said building, and to deposit such rents in the bank, and the account to be known as 'Frank Lawrence Special Account,' and that no money is to be taken from said account, except in the payment of interest, taxes, insurance, and repairs on said building, or to apply on the principal of the same on the mortgage and note herein referred to.

"And said Edward Corning, his heirs or assigns, hereby agrees to provide funds for the payment of the said $15,000 mortgage held by William L. Webber, trustee, in case payment should be demanded, so that no expense, by foreclosure or otherwise, can be made to affect the interest of the said Lawrence; and said Corning hereby agrees that this agreement shall be binding upon himself for five years from the date hereof, and agrees not to incumber said property in any other manner than is herein specified, and that he will reconvey said property to said Lawrence, or to whom he may direct, by deed with covenants as to his own acts, when he has been paid all liabilities for which he may be liable as mentioned in this agreement."

The bill in this cause was filed June 1, 1896, to foreclose the mortgage mentioned, and Corning is made a party defendant. In it the deed and agreement are set up, and

the bill prays that Lawrence and Corning be decreed to pay the amount that shall be found due thereon, and that each shall be decreed to be liable to pay any deficiency arising from the sale of the premises. Lawrence filed a cross-bill, setting up the same instruments, and praying that Corning be decreed primarily liable for the amount of said mortgage, and to save him (Lawrence) harmless from a deficiency, if one should arise upon a sale of the premises; but this was stricken from the files upon motion. Corning answered the original bill. The circuit judge decreed foreclosure, and held that Corning was not personally liable for the debt or deficiency. The complainant has appealed.

Lawrence was the principal witness. His testimony shows that he did not deposit the sums received for rentals, or apply all of them in accordance with the terms of the agreement between him and Corning, having used upwards of $2,000 received from rentals for other purposes. It is not certain that this is all, for Lawrence admits that he did not keep an account of the receipts or disbursements; and it does not appear that he has paid the $5,000 note which Corning indorsed. The testimony shows that, before the conveyance and agreement were made, Lawrence and Corning called upon Webber, and an extension of time was obtained upon the mortgage; but the contemplated arrangement was no part of the consideration for the extension. Webber was not informed that such arrangement was in contemplation. Lawrence has been in possession of the premises, and Corning promptly disclaimed ownership and denied liability when Webber suggested that he pay the mortgage. It is plain that Corning was, at most, a mortgagee, and no one contends that he is owner of the premises. Consequently it cannot be said that the assumption of the mortgage constituted a part of the purchase price of the premises, and that Lawrence has put into his hands a fund to pay the mortgage with. The most that can be said is that Corning promised to advance money to pay the mortgage, upon demand, and that Lawrence gave him security

by way of indemnity therefor; and the same instrument made it optional with Lawrence to make the demand, for it was conditioned upon the failure of Lawrence to pay the mortgage, among other provisions. As already stated, Lawrence failed to perform his part of the agreement, and is now seeking, through this proceeding, to compel the defendant Corning to perform his. Were this an action at law brought by Lawrence to recover damages against Corning for his failure to advance the amount due upon the mortgage, his own breach of the contract would seem to be a sufficient answer. And, if he could not recover in such an action, a court of equity would not afford him relief in this. Hence, if this decree is to be reversed, it must be by reason of some equity in Webber, the mortgagee.

It has already been said that there is no privity of contract between Webber and Corning, and that there is nothing in the nature of an estoppel that renders it inequitable for Corning to refuse payment. He has received no fund that he is equitably bound to apply to such payment, and the land which he has taken a deed of (though it is a mere mortgage), if it can be called such a fund, is within the reach of Webber's mortgage, against the foreclosure of which Corning makes no defense. Counsel for the respective parties have cited cases in support of their contentions, but we think it sufficient to say that it would be manifestly inequitable to give the complainant the benefit of an agreement which ought not to be enforced in favor of his mortgagor. While, under our statute, a court of chancery has the authority to enter a decree for deficiency against one who equitably owes the debt, through an assumption of the mortgage debt as part of the purchase price of the premises, such action is always dependent upon an existing equity either between that person and the mortgagee, or more frequently between him and the mortgagor. Here there is no equity in favor of either. In *Johnson v. Shepard*, 35 Mich. 123, it was said:

"The jurisdiction over persons who have become liable on the debt is not obligatory, but is only permissive. When justice requires that the party shall have a chance to defend himself at law, or to seek redress in any other form against his liability, courts have refused a personal decree."

See, also, *North American Fire Ins. Co.* v. *Handy,* 2 Sandf. Ch. 492, and *Withers* v. *Morrell,* 3 Edw. Ch. 560.

In *Gage* v. *Jenkinson,* 58 Mich. 173, the court said:

"The practice in this class of cases, of allowing a personal decree against even the mortgagor himself, comes from no original equitable jurisdiction, but springs from quite recent statutory authority; and the enforcement of collateral obligations of third persons in a foreclosure suit is a still more recent innovation, and the jurisdiction given over the latter class of persons is permissive only, and not obligatory, and will not be enforced to their prejudice, unless by their own contract or agreement they have themselves made necessary or imperative such enforcement. *Johnson* v. *Shepard,* 35 Mich. 115; *McCrickett* v. *Wilson,* 50 Mich. 513. There is no pretense in this case that the claimed liability of Jenkinson could be enforced at law."

We are of the opinion that the learned circuit judge was clearly right in his disposition of the case, and his decree is affirmed, with costs.

The other Justices concurred.