Schmitt v. Merriman.

101    443
a211s  263

# Frank P. Schmitt v. Charles W. Merriman, for use of, etc.

1. CONVEYANCES—*Assumption of Mortgages by Grantees.*—Where, in a conveyance of land, if a part of the consideration is the assumption by the grantee of a mortgage upon the premises, he becomes bound to discharge such incumbrance, and this obligation may be enforced by the mortgagee. And if the deed recites that the grantee assumes and agrees to pay the mortgage by accepting the same, the mortgagee may enforce such argument in an action at law.

2. SAME—*Right to Rely upon the Recitals in the Deed.*—Parties have a right to rely upon the record of properly recorded instruments.

3. SAME—*Contract to Assume an Incumbrance Not an Essential Part of a Deed.*—A contract to assume an incumbrance is not one of the essential parts of a conveyance, but is extraneous and collateral. Such a recital in a deed is not in and of itself sufficient to fix a liability to pay. Something more must be shown, and the grantee is not estopped by the mere recitals of a deed he did not, in fact, execute.

4. ESTOPPEL—*By Conduct, Does Not Exist in Favor of One Who Has Not Acted on the Faith of Such Conduct.*—An estoppel does not lie in favor of one who has not acted upon the faith of the representation under which he claims.

Foreclosure.—Deficiency decree. Appeal from the Circuit Court of Cook County. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed April 4, 1902.

June 13, 1890, Elizabeth C. Lidster, of Beloit, Wisconsin, conveyed by warranty deed to Charles W. Merriman the premises described in said deed, the consideration therefor being stated therein to be $12,150. Merriman gave back to Mrs. Lidster a mortgage of $9,000, of the same date and for the same property; this mortgage being recited to be given to secure three notes of $3,000 each, dated June 13, 1890. One of the attesting witnesses to the Lidster deed was J. B. Dow, who was also the notary public before whom the acknowledgment was made.

June 16th, three days after the deed from Elizabeth Lidster was made, and two days before it was recorded, Charles W. Merriman, by his warranty deed, conveyed the same property to Frank P. Schmitt, appellant; the consideration expressed in the latter deed was $16,250.

This deed warrants the title in fee simple, except a mortgage of $9,000, dated June 13, 1890, and further recites:

" Which said mortgage the party hereto of the second part hereby assumes and agrees to pay, and which forms a part of the above-named consideration."

This deed was also witnessed by J. B. Dow, and was acknowledged before J. B. Dow, exactly as the Lidster deed, and was recorded June 18, 1890, at 8:30 o'clock, at exactly the same time that the Lidster deed to Merriman was recorded.

August 4, 1890, Merriman made another warranty deed to Schmitt of this property, exactly like the first; the consideration expressed therein being $16,750. In this deed the title in fee simple is warranted, except as to a mortgage of $9,000 to Mrs. Elizabeth C. Lidster, and the deed further recites:

" Which said mortgage the party hereto of the second part hereby assumes and agrees to pay, and which forms a part of the above-named consideration."

The second deed is also witnessed by J. B. Dow, who is also the notary who takes the acknowledgment. September 6, 1890, Frank P. Schmitt and Mary Frances Schmitt, his wife, made their warranty deed of the same premises to

the Beloit Land and Investment Company—the expressed consideration being $16,750.   In that deed, also, it is recited that a fee simple of the estate is conveyed, except as to the $9,000 mortgage, dated June 13, 1890, and therein is the recital:

"Which said mortgage the party hereto of the second part hereby assumes and agrees to pay, and which forms a part of the above-named consideration."

Each of these three deeds recites with particularity, and in almost identical language, the same conditions as to the assumption of the mortgage and payment thereof.

Default being made in the payment of the $9,000 mortgage, suit was brought at Janesville, Wisconsin, to foreclose, and in that proceeding Frank P. Schmitt, appellant, was served personally in Chicago, Illinois, by the delivery to him of the summons and copy of the complaint or bill to foreclose annexed, but he did not appear in the foreclosure proceedings.

A decree was entered and a sale was had under the foreclosure proceedings, and there was a deficiency left amounting to the sum of $5,230.58.   Execution was issued against Merriman and the Beloit Land and Investment Company for this deficiency, and returned wholly unsatisfied; afterward this suit was brought against Schmitt in the Circuit Court of Cook County.

Upon the trial appellant offered to show as follows:

"Mr. Schmitt, Jr.:   I wish to make a formal offer of what I desired to show by the defendant as a witness in his own behalf.   I offer, then, to show by this witness, the defendant, that he never at any time made any agreement with Merriman to pay the mortgage indebtedness due to Elizabeth C. Lidster; that on June 16, 1890, he had loaned three thousand dollars to Merriman and that Merriman's deed to him of that date was only for the purpose of securing the loan in question, or was, in other words, a mortgage; that it was no part of the defendant's agreement to assume and pay the Lidster mortgage, and that the recital to that effect was inserted in the deed to him without his knowledge or consent.   That the deed which Merriman executed to him on August 4, 1890, was wholly unauthorized; that

he, the defendant, never came into the possession of and never saw either of these deeds until after this suit was instituted; that both deeds were placed of record by the grantor and that the defendant had no knowledge that any deed had been executed to him containing a clause obliging him to pay a mortgage, until he received the letter of June 28, 1894, from Ralph E. Lidster, executor, and that he thereupon caused his attorneys, Hawley, Prouty and Schmitt, to write and mail to Ralph E. Lidster a letter that he, the defendant, has never had any other than a mortgage interest in the lands in question here, and that his deed of those lands to the Beloit Land and Investment Company was in consideration only of the receipt of the $3,000 due to him from Merriman, and was in fact only a release of his mortgage interest in the lands; that he was informed that the Beloit Land and Investment Company had in fact agreed with Merriman to assume the mortgage and that the defendant's conveyance to the land company was made at the request of Merriman, and was made in that way to save the necessity of more deeds than one."

The Court: Those facts I can not permit you to show. I hold that the defendant is estopped by his deed to the land company."

Appellant submitted and asked the court to hold the following:

"The court holds that the defendant is not bound by the terms of the deeds which were executed to him by Charles W. Merriman, unless such deeds were delivered to the defendant and accepted by him; and the burden of proving such delivery and acceptance is upon the plaintiff in, this case."

Which proposition the court modified by adding the following:

"But that the recital in the deed from Schmitt to the Beloit Land and Investment Company is conclusive of those facts."

And marked the same held, as modified.

FRANK P. SCHMITT, JR., and HARRY T. ASPERN, attorneys for appellant.

BATES & HARDING and E. D. McGOWAN, attorneys for appellee.

Schmitt v. Merriman.

MR. JUSTICE WATERMAN delivered the opinion of the court.

It is a familiar rule that where one person for a valuable consideration makes a promise to another for the benefit of a third person, such third person may maintain an action upon it. It is not necessary that any consideration should move from the third person. Thus in conveyance of land, if a part of the consideration is the assumption by the grantee of a mortgage upon the premises, the grantee becomes bound to discharge such incumbrances; and this obligation may be enforced by the mortgagee; and if the deed recite that the grantee assumes and agrees to pay the mortgage, the grantee, by accepting the same, covenants to pay; and such covenant the mortgagee may enforce in an action at law. Dean, use, etc., v. Walker, 107 Ill. 540; Bay v. Williams, 112 Ill. 91; Jones on Mortgages, Sec. 741; Pomeroy's Eq. Juris., Sec. 1207; Burr v. Beers, 24 N. Y. 178.

The mortgagee's relief depends upon no original equity residing in himself, but upon the right of the mortgagor against his grantee, to which the mortgagee succeeds. Jones on Mortgages, Sec. 756; Crowell v. Hospital of St. Barnabas, 27 N. J. Eq. 650.

It is quite true that the parties have a right to rely upon the record of properly recorded instruments; and if appellee had purchased her mortgage after the recording of any of the deeds to appellant, relying upon the assumption clause therein, there perhaps might thus have been created an estoppel which would have prevented the showing by appellant of the truth as to the circumstances of the insertion of such clause and the lack of an obligation upon his part at any time to pay anything to or for or upon the order of his grantor.

The mortgage to Elizabeth Lidster was made prior to any conveyance to appellant and she neither gave nor suffered anything upon the strength of any assumption by appellant.

We are thus brought face to face with the question whether the rule that a recital in a deed, that the grantee assumes and agrees to pay a mortgage, is and remains in

force for the benefit of a mortgagee who has done nothing upon the strength thereof, notwithstanding the grantee may have been induced to accept the deed by fraud or mistake and his grantor has against him, thereunder, no right whatever.

The ground upon which is based a grantee's liability to pay a mortgage he has assumed, or the amount of which has been deducted from the amount of the consideration of the deed to him, in many of the American states is that of contract, a promise to pay the mortgagee, upon a consideration given by the grantor. In this and other states the grantee, as a party beneficially interested, may maintain an action at law upon such promise.

In some of the states of the Union the courts proceed upon the theory that the liability of the grantee to the mortgagee does not arise from contract but results from an application of the equitable doctrine of subrogation. That is, that since by the assumption the mortgagor becomes a surety, the creditor (mortgagee) is entitled to all the securities he holds from the principal debtor (the assuming grantee) and is entitled in equity to enforce the promise made by such grantee. Pomeroy's Equity Juris., Sec. 1207.

Upon whichever theory the right of the mortgagee is placed it is based upon a valid promise made upon a good consideration.

If the promise fail, be shown to have been obtained by fraud, or mistakenly made, the mortgagee who has given nothing, suffered nothing, can not enforce the undertaking. Benedict v. Hunt, 32 Ia. 27–30; Huebsch v. Scheel, 81 Ill. 281–284; Crowell v. Hospital of Saint Barnabas, 27 N. J. Eq. 651, 653, 655, 656; Arnaud v. Grigg, 28 N. Y. Eq. 482–485; Bull v. Titsworth, 29 N. J. Eq. 73; Bogart v. Phillips, 112 Mich. 697; Webber v. Lawrence, 118 Mich. 630; Southern Home Building & Loan Association v. Winans, 60 Sou. Western Rep. 825; Shields v. McClure, 75 Mo. App. 631; Blass v. Terry, 156 N. Y. 122; Logan v. Miller, 106 Ia. 511.

If, as appellant claimed and offered to show, he never purchased the premises in question and the deed to him was in fact but a mortgage, and instead of his being, when

Schmitt v. Merriman.

either of the conveyances to him were made, indebted to or under any obligation to pay anything to or for his grantor the reverse was the case, the appellant received nothing for assuming the incumbrance of $9,000, and there was no consideration for a promise to pay the same. Garnsey v. Rogers, 47 N. Y. 233, 239, 240; Gaffney v. Hicks, 131 Mass. 124; Bassett v. Bradley, 48 Conn. 238.

The entire doctrine of assumption by purchasers is founded upon the obligation of grantees to pay their indebtedness to their grantors. Thompson v. Dearborn et al., 107 Ill. 87.

In the case at bar, Mr. Merriman, the grantor to appellant, testified that he was indebted to the appellant in the sum of $3,000, and that he gave the deed to him as security therefor; that there was never any conversation about nor any agreement with Mr. Schmitt in regard to the payment of the mortgage indebtedness; that he never delivered the deed to appellant; that he left it with Mr. Dow, the notary, who drew it, to be sent for record; that appellant never offered to purchase the land; that the deed to the Beloit Land Company was made after he had paid his indebtedness to appellant and in pursuance of his, Marriman's agreement existing with said company when he conveyed to appellant; that when he conveyed to Mr. Schmitt, he, Schmitt, agreed to deed over to the company on payment of the $3,000, and at his, Merriman's, request he did so convey.

The chancellor refused to allow appellant to testify what the real consideration of either of the deeds to him was; whether either of the deeds was ever delivered to him or in his possession; when he first knew that either of the deeds contained a clause by which the grantee agreed to pay the Lidster mortgage or whether he ever purchased the conveyed lands; and held the recital of the existence of such a mortgage, made in the deed to the Beloit Land and Investment Company conclusive evidence against him that he knew of its existence, that he had accepted the same, and agreed to its terms.

The question in this case is not whether the conveyance by appellant to the Beloit Land Company is not evidence of his acceptance of the deed to him and knowledge of the recitals therein, or whether one thereafter dealing with the title may not hold him estopped to deny acceptance and knowledge, but whether such conveyance is conclusive evidence, and whether one who has not hereafter dealt with either title or indebtedness can hold him estopped from showing the truth.

A contract to assume an incumbrance is not one of the essential parts of a deed; on the contrary it is extraneous and collateral to the conveyance. Such recital in a deed is not in and of itself sufficient to fix a liability to pay. Something more than this must be shown; the grantee is not estopped by the mere recitals of a deed he did not execute. Thompson v. Dearborn et al., 107 Ill. 91–93; Blass v. Terry, 156 N. Y. 122; Carpenter v. Buller, 8 Meeson & Welsby, 209; South Eastern Railway v. Warton, 6 Hurls. & Nor.526.

An estoppel by conduct does not lie in favor of one who has not acted upon the faith of the representation or concealment under which he claims.

Notwithstanding the length of time during which that known as the American doctrine of assumption by purchasers, has existed, the ordinary layman does not know that by the language of a recital in a deed to him, he may, at least in favor of third parties, be placed under a burdensome and neither assented nor understood obligation.

Usual as is, out of pure good nature, the making of quitclaim deeds by laymen, to property they are aware they do not own, without a careful examination of the manner in which an apparent title has been cast upon them, a rule that by such conveyance they are conclusively presumed to have accepted deeds to them, to have knowledge of and be bound by recitals therein, would be most productive of fraud and injustice.

The decree of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion. Reversed and remanded.