Bacon v. Marshall.

37 581
104 546
37 581
107 734

1. **Contract:** ASSUMPTION OF JUDGMENT. Where the defendant assumed and agreed to pay a judgment rendered against plaintiff by a third party, and to save plaintiff harmless therefrom, it was *held*, that in order for plaintiff to maintain an action on the undertaking it was not necessary that he should have first paid off the judgment.

2. **Attachment:** UNMATURED DEBT. An attachment may be issued on an unmatured debt when nothing but time is wanting to fix an absolute indebtedness.

*Appeal from Washington District Court.*

THURSDAY, DECEMBER 11.

ACTION on contract. Demurrer to petition sustained. Attachment quashed on motion of defendant. Plaintiff appeals. The facts appear in the opinion.

*G. G. Bennett* for the appellant.

*Patterson & Rheinart* for the appellee.

MILLER, J. — I. The plaintiff alleges in his petition, that on the 14th day of May, 1872, one A. D. Marshall obtained a judgment against him in the circuit court of Washington county for $706.80 and costs; that plaintiff filed a sufficient bond and took a stay of execution on said judgment; that on the 22d day of September, 1872, the defendant, S. M. Marshall, entered into a written contract with plaintiff to pay said judgment, which contract is as follows:

| "A. D. MARSHALL v. JOHN H. BACON. | In Circuit Court, Washington County, Iowa. |
|---|---|

| | |
|---|---|
| Judgment May 14, 1872 | $706 80 |
| Costs | 7 00 |
| Eight per cent interest | 1 00 |

" R. Dewey on bond for stay of execution. For a valuable consideration in hand paid by John H. Bacon, I hereby *assume and promise and undertake to pay* to A. D. Marshall, or his assigns, the above judgment in full with all interest and costs, and in case the same is not paid at the expiration of stay, and execution is issued thereon, I hereby authorize the clerk of said court to include my name in said execution as defendant, and further authorize the sheriff to levy on any of my property not exempt from such writ, for the satisfaction of the

same, as if said judgment had been originally rendered against me. Said Bacon to be kept by me harmless and free from the payment of the same or any part thereof.

" Witness my hand this September 22d, 1872.

"S. H. MARSHALL."

It is further alleged that no part of this judgment has been paid; that the stay will expire on the 14th day of May, 1873, and nothing but time is wanting to fix an absolute indebtedness from the defendant to plaintiff on said contract, and that the defendant is about to dispose of his property with intent to defraud his creditors. A writ of attachment was prayed and issued.

The petition was duly verified.

The defendant filed a demurrer to the petition and also a motion to quash the writ of attachment, both of which were sustained by the court, and judgment rendered for defendant for costs. The plaintiff assigns these rulings as error.

I. The contract here sued on is not merely one to indemnify and save the plaintiff harmless, but it is an unconditional agreement to pay off a judgment standing on the records of the court against the plaintiff; and upon the authority of *Stout* v. *Folger*, 34 Iowa, 71, it was not necessary, in order to give the plaintiff a right of action on this contract, that he should first pay off the judgment. The demurrer, therefore, was improperly sustained.

II. The motion to quash the writ of attachment is based upon substantially the grounds of the demurrer, namely : that the plaintiff has sustained no damage because he has not paid the judgment, and that, therefore, there is nothing shown to be due or to become due on the contract. The sustaining of this motion was also error. The plaintiff had a right of action upon the contract without first paying the judgment, and whether this right of action had matured when suit was commenced or not is immaterial, as the statute authorizes an attachment previous to the maturity of a debt when nothing but time is wanting to fix an absolute indebtedness, and where

the petition, in addition to that fact, states that the defendant is about to dispose of his property with intent to defraud his creditors, Revision, § 3178. These facts are fully alleged in this case, and it is clear that the agreement of the defendant to pay the judgment matured, *at furthest*, at the expiration of the stay, so that nothing but time was necessary to fix an absolute indebtedness.

Reversed.