# SUPERIOR COURT

Wm. M. Harris, Jr., App't
        vs.        No. 60020
Stefano Lucca et al.
RESCRIPT

June 1, 1925

BAKER, J. Heard on plaintiff's demurrer to the defendant's fourth plea.

This is an action brought by a vendor against vendees of real estate to recover the amount of a certain tax paid to the City of Providence which the plaintiff claims the defendants assumed and agreed to pay in and by virtue of the provisions of the deed conveying the property in question.

The pleadings show that the tax was assessed on the 15th day of June, 1923, a short time prior to the conveyance of the property by the plaintiff to the defendants. It is also alleged that the plaintiff paid this tax in the latter part of October, 1923, the property being assessed to him.

The fourth plea sets up in substance that after the conveyance by the plaintiff to the defendants, and prior to the payment of the tax, the defendants reconveyed the property to certain persons with the proviso that said new purchasers should assume the tax in question. The plea also sets up that under the law the parcels of real estate were each liable for the payment of the tax assessed against said parcels separately, and that the value of each of said parcels over and above any encumbrances thereon was far greater than the

amount of the tax assessed against each of said parcels. Also, that at the time the plaintiff paid said tax, no suit had been brought or threatened against said plaintiff, nor had any of the plaintiff's property been levied on by the collector of taxes, and that said taxes were not a claim against the plaintiff enforceable against his remaining property, and were not subject to be collected against the plaintiff by the City of Providence, and that the plaintiff was not obliged to pay the tax.

To this plea plaintiff demurred on several grounds, the substance being that said plea sets up no defence to the action.

In the judgment of the court the demurrer is good. It seems to be well settled that an agreement or covenant in a deed to assume and pay taxes on the property is more than a mere covenant or agreement to hold the vendor harmless, but is in its nature a personal covenant or agreement between the parties upon which the vendor can recover if he is compelled to pay the tax. Further, it seems clear from the authorities that the vendor, if he is under any personal liability for the tax, is not obliged to await before paying said tax until suit is brought or demand made upon him, and if under these circumstances he pays the tax, he may then recover it from the vendees.

Locke vs. Homer, 131 Mass. 93.
Stout vs. Folger, 34 Ia. 71.
Barrowman vs. Fader, 31 N. S. 20.
39 Cyc. pages 1636 and 1637.

The next question, therefore, is whether the plaintiff on the pleadings was under any personal liability to pay the tax in question. The defendant's claim that he was not but that he was a mere volunteer in that regard. They urge that the land only was liable for the tax and that the city in the collection of the tax would proceed to enforce its lien against the real estate and that this is the uniform and settled manner in which the city collects its taxes.

The plaintiff claims that the property being assessed to him he was, according to law, under a personal liability to pay the tax.

The court believes this to be the case. While it may be true, as the defendants argue, that long practice and settled custom in the collection of taxes would lead them to believe that the plaintiff was under no personal liability for the tax but that the real estate itself would be proceeded against in case the tax was not paid, nevertheless the court is of the opinion that the city would have the right to hold the plaintiff for the tax if it so saw fit.

Sec. 28, Chapter 62, General Laws, 1923, reads as follows:

"The collector of any tax may recover the amount thereof in an action of the case against the person taxed."

The language of this section seems amply broad enough to include taxes assessed against real estate as well as taxes assessed against personal property, and in the opinion of the court it is no defence to this right, which apparently the collector has, to urge that it is seldom made use of.

An examination of the following cases would lead the court to believe that this method was followed in collecting taxes assessed against real estate.

Kent, Collector, vs. Atlantic Delaine Co., 8 R. I. 305.
Kettelle, Collector, vs. Warwick & Coventry Water Co., 24 R. I. 485.

The fact, as alleged in the plea, that the defendant vendees assumed and agreed to pay the tax in question in the judgment of the court sets up no defence as between the rights of the plaintiff and the defendants in this proceeding.

For the above reasons, therefore, the plaintiff's demurrer to the defendants' fourth plea is sustained.

For Plaintiff: Ernest P. B. Atwood.

For Defendants: William M. P. Bowen.